UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN COATS,

    Petitioner,

v.                                             Civil No. 2:07-CV-11698

CINDI CURTIN,

    Respondent,
_____/

**ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

Petitioner Darrin Coats presently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his convictions for first-degree murder,[1] and felony-firearm.[2]

**I. INTRODUCTION**

On April 18, 2007, Magistrate Judge R. Steven Whalen signed an "Order to Correct Deficiency," in which Petitioner was ordered to submit two copies of his petition for writ of habeas corpus, in order for the court to effect service upon the respondent and the Michigan Attorney General's Office. Petitioner was given twenty-one days, or until May 9, 2007, to comply with the order. Petitioner was also warned that failure to comply with the order could result in dismissal of his action. To date, Petitioner has

---

[1] Mich. Comp. Laws § 750.316; Mich. Stat. Ann. 28.548.

[2] Mich. Comp. Laws § 750.227b; Mich. Stat. Ann. 28.424(2).

1

failed to submit the copies of the petition for writ of habeas corpus, as required by the order of deficiency. For the reasons stated below, Petitioner's action is dismissed without prejudice because of Petitioner's failure to comply with an order of the court.

## II. DISCUSSION

Petitioner's application is subject to dismissal, because he failed to comply with the order of deficiency by submitting two copies of the petition for writ of habeas corpus for service upon the respondent and the Michigan Attorney General's Office.

The habeas rules require the Clerk of the Court to serve a copy of the habeas petition and a copy of any order requiring responsive pleadings on the respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005). It is the petitioner's responsibility to provide these copies to the Court of the Clerk in order to effectuate service and Petitioner's failure to include these copies of the petition in his initial application rendered his habeas application deficient. *See Moore v. Hawley,* 7 F. Supp. 2d 901, 903 (E.D. Mich. 1998).

A district court may *sua sponte* dismiss a habeas action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with any court order. Because Petitioner failed to comply with Magistrate Judge Whalen's order of deficiency by submitting the required copies, his petition is subject to dismissal for want of prosecution. *See Gravitt v. Tyszkiewicz,* 14 Fed. Appx. 348, 349 (6th Cir. 2001).

## III. CONCLUSION

IT IS ORDERED that the Petitioner's April 17, 2007 "Petition for Writ of Habeas Corpus" [Court Docket Entry # 1] is DISMISSED WITHOUT PREJUDICE. Nothing in this order precludes petitioner from submitting a new habeas petition with the requisite number of copies of the petition for service upon the respondent and the Attorney General for the State of Michigan.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 22, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522